UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| JONATHAN M. TESTON | : | DOCKET NO. 13-cv-2820 |
| D.O.C. # 567972/58956 | | |
| | | |
| VERSUS | : | JUDGE FOOTE |
| | | |
| STEVE RADER | : | MAGISTRATE JUDGE KAY |

<u>REPORT AND RECOMMENDATION</u>

Before the court is a pro se application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed by Jonathan M. Teston ("petitioner"). Doc. 1. The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections. He is currently in the custody of the Bossier Transitional Work Program in Plain Dealing, Louisiana. At the time of filing, he was incarcerated at Dixon Correctional Institute in Jackson, Louisiana. Doc. 1, att. 1, p. 13. Steve Rader ("respondent"), former warden of Dixon Correctional Institute, opposes the application. Doc. 11.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**.

# I.
## BACKGROUND

### A.  Conviction

On April 27, 2010, the petitioner was charged by bill of information in the 26th Judicial District, Bossier Parish, Louisiana, with three counts of sexual battery.[1] Doc. 11, pp. 29–30. The victims, identified as A.L. and K.T., were respectively six and eight to nine years of age when the offenses occurred. *Id.* at 29, 143–44. The petitioner was sixteen years old at that time. *Id.* On the same day, the petitioner appeared with counsel and, following a colloquy with the trial court, entered a guilty plea to all three counts of the bill of information. *Id.* at 137–45. He was thereafter sentenced to the maximum term of ten years' imprisonment at hard labor on each count, with the three terms to run concurrently. *Id.* at 151–57; *see* LA. REV. STAT. § 14:43.1(C).

### B.  Direct Appeal

The petitioner filed a direct appeal through counsel, raising the following assignments of error:[2]

    1.  The trial court lacked jurisdiction because the petitioner was a juvenile at the time the offenses were committed.

    2.  The trial court erred by imposing excessive sentences.

---

[1] According to the Second Circuit Court of Appeal, the petitioner was originally charged by indictment with three counts of aggravated rape. *State v. Teston*, 109 So.3d 452, 454 (La. Ct. App. 2d Cir. 2013). Pursuant to a plea agreement, the prosecution dismissed the charges in the indictment and charged him instead with the three counts of sexual battery. *Id.*; *see* doc. 11, pp. 145–46.

[2] The petitioner filed an application for post-conviction relief and out of time appeal in the trial court on November 3, 2011. Doc. 11, pp. 61–73. There he set forth multiple claims for relief. The trial court reviewed the application and the state's response, and denied relief on the basis that the petitioner "failed to properly set for [*sic*] claims for relief . . . in accordance with Louisiana Code of Criminal Procedure Article 930.3, which provides the exclusive grounds for post-conviction relief." *Id.* at 89–92.

    The petitioner then sought review in the Louisiana Court of Appeal for the Second Circuit, alleging only that the trial court erred in denying his request for an out of time appeal. *Id.* at 132. The Second Circuit agreed, granting the writ and remanding the case to the trial court to determine whether an out of time appeal was warranted. *Id.* Following a contradictory hearing, the trial court granted the request for an out of time appeal and appointed the Louisiana Appellate Project to represent the petitioner in that matter. *Id.* at 160–65, 169.

Doc. 1, att. 2, pp. 1–15. The Second Circuit found that both assignments were without merit and thus affirmed the petitioner's convictions and sentences. *State v. Teston*, 109 So.3d 452, 453–58 (La. Ct. App. 2d Cir. 2013). The petitioner then sought review in the Louisiana Supreme Court, which denied same on September 27, 2013. *State v. Teston*, 123 So.3d 180 (La. 2013). He did not seek review in the United States Supreme Court. Doc. 1, p. 2.

### C. Federal Habeas Petition

The petitioner made no further attempt at state collateral review. Doc. 1, p. 2. Instead, he filed the instant petition in this court on October 3, 2013. *Id.* at 7 (date of filing). As grounds for relief he renews the two claims presented in his direct appeal. Doc. 1, att. 1, p. 5.

## II.
## LEGAL STANDARDS ON HABEAS REVIEW

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly,

in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. Procedural Default and Exhaustion of State Court Remedies

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

### 1. Exhaustion of State Court Remedies

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when

review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### 2. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[3] or (2) the

---

[3] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

### C. *General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456, 471 (5th Cir. 1998). Section 2254(d) provides that a writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 537 U.S. 3, 9 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are

materially indistinguishable from a relevant Supreme Court precedents and arrives at a [contrary] result . . . ." *Bell v. Cone*, 543 U.S. 447, 452-53 (2005), quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000) (internal quotations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 546 U.S. 333, 341 (2006).

### III.
### LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

#### A. *Timeliness*

Because the state courts granted leave for an out of time appeal, the petitioner's conviction did not become final under § 2244(d) until that appeal was concluded. *Jimenez v. Quarterman*, 129 S.Ct. 681, 685–87 (2009). Therefore the petitioner's time limit for seeking federal habeas review began to run on December 27, 2013, when his time for seeking review in the United States Supreme Court expired. *See* Sup. Ct. R. 13. Because the instant petition was filed on October 3, 2013, no time accrued against his one-year limit for seeking habeas review.

### B.  Exhaustion of State Court Remedies and Procedural Default

Both claims raised in the instant petition were exhausted and rejected on the merits in the state courts. Therefore no basis for procedural default exists.

### C.  Substantive Analysis

The respondent contends that both of the petitioner's claims can be disposed of solely on state law grounds, and that the petitioner has not made any allegation to show that the state adjudications were contrary to or involved an unreasonable application of clearly established federal law.

The petitioner repeats the claims for relief and arguments thereto that he made to the Louisiana Second Circuit Court of Appeal. *Compare* doc. 1, att. 2, pp. 10–15 *with* doc. 1, att. 1, pp. 8–13. His claim regarding the trial court's jurisdiction is a matter of state law and the petitioner alleges no violation of federal law. Therefore we agree with the respondent's contention and find no right to federal habeas relief under this claim.

On the excessive sentence claim the petitioner belatedly invokes violation of the United States Constitution, rather than mere excessiveness under state law, in his reply. Doc. 17, p. 2. Such an invocation would change the legal basis of his claim and could render it unexhausted.[4] However we find that this claim can be resolved without further response and, therefore, we address it on the merits.

A sentence for a term of years violates the Eighth Amendment if it is grossly disproportionate to the offense. *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003). The Supreme

---

[4] *E.g.*, *Picard v. Connor*, 92 S.Ct. 509, 513 (1971) (petitioner did not exhaust his claim where he argued faulty indictment under Massachusetts law in state courts and only raised an equal protection claim on those grounds on habeas review); *but see, e.g.*, *Davis v. Cain*, 44 F.Supp.2d 792, 794–96 (E.D. La. 1999) (petitioner still exhausted his excessive sentence claim, even though he failed to raise the constitutional basis for it in the state courts, because the Louisiana Supreme Court denied writs based on the same factor considered in federal review of the claim).

Court has stated that this will only be found in "exceedingly rare" and "extreme" cases. *Id.* (citing *Harmelin v. Michigan*, 111 S.Ct. 2680, 2705 (1991) (Kennedy, J., concurring)). If "a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality," the federal habeas court will then consider other sentences imposed for the same offense in the same and other jurisdiction. *Smallwood v. Johnson*, 73 F.3d 1343, 1346–47 (5th Cir. 1996).

The petitioner claims that his sentences are excessive because, under Louisiana law, maximum sentences "are to be reserved for the most egregious and blameworthy offenders within a class," and yet the trial court did not find sufficient aggravating factors to justify a maximum sentence within his case. Doc. 1, att. 1, pp. 10–13 (quoting *State v. Strother*, 49 So.3d 372, 380–81 (La. 2010)). However, as the Fifth Circuit notes, "determination of prison sentences is a legislative prerogative that is primarily within the province of the legislatures, not courts" and the legislature is owed "substantial deference to [its] broad authority" in this matter. *United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir. 1997) (internal quotations and citations omitted). Therefore the petitioner's receipt of the maximum sentence does not, on its own, support an inference of gross disproportionality.

The trial court justified imposition of the maximum sentences by noting several factors. First, it remarked on the petitioner's personal history, including "an unstable childhood" with his parents divorcing and his stepfather abusing his mother. Doc. 11, p. 154. It also observed that the petitioner had been expelled from school, admitted to frequent drug and alcohol use, and that the petitioner had not yet completed his GED but had been working on it during his incarceration. *Id.* It then mentioned that the petitioner had a juvenile record and had had "some problems" at the penal farm. *Id.* Lastly, it remarked:

> [Y]ou know, you are a first felony offender, but I tell people every now and then, you sure picked a heck of an offense to commit in your first time because, as you are aware, Sexual Battery carries with it up to ten years at hard labor . . . . I've looked at the seriousness of the offense. And when we start looking at children who are victims that is extremely serious. . . . That's one that we, as the Court, are charged with protecting because they cannot protect themselves. I was saddened to . . . read the circumstances that those little kids lived in and were then allowed to go to school in. But then to also not even have a safe haven when they arrived home – the allegations and the admissions that you'd made. . . . The only break I'm going to give you in this situation is I am going to run these matters concurrent so that at some point in time you will be eligible to move forward.

*Id.* at 154–55.

The petitioner argues that these sentences were excessive in light of the fact that 1) both the petitioner and the victims were residing in an "unsafe environment" for which the petitioner should not be held responsible,[5] 2) he was sixteen years old at the time of the offense, 3) he is a first felony offender, and 4) he admitted to his wrongdoing by pleading guilty and sent a letter to the trial court expressing his remorse.[6] Doc. 1, att. 1, pp. 9–13; doc. 17, p. 3. However, as the Second Circuit observed, the petitioner was the beneficiary of a plea bargain through which the charges against him were reduced from aggravated rape to sexual battery.[7] *Teston*, 109 So.3d at 457–58. In light of this fact, the ages of the victims (and those ages relative to the petitioner's age), and the seriousness of the offense, the petitioner does not show that a maximum sentence was grossly disproportionate in this case, even with due consideration given to the petitioner's own

---

[5] As stated *supra*, the trial court remarked on the victims' lack of a safe haven as one of the factors influencing its view of the seriousness of the offense. At the sentencing hearing the trial court also noted its familiarity with the charges against other members of the household. Doc. 11, p. 151. The defense also asked the court to consider the petitioner's "personal history, his home life and also the situation." *Id.* at 152. This information was contained in the pre-sentence investigation report and reviewed by the trial court. *Id.* at 151–53.

[6] He also points to the fact that he moved for recommendation for placement in a sex offender rehabilitation program, but was denied. Doc. 11, pp. 56–57. We note, however, that this motion was filed after the petitioner was sentenced and thus has no relevance to the sentences imposed.

[7] The Second Circuit also remarked that, under Louisiana law, in cases where a defendant pleaded guilty to "an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence" for the pleaded offense." *Teston*, 109 So.3d at 457 (citations omitted).

hardships. Accordingly, we need not consider any comparison to sentences rendered in other cases, which have not been argued here, and the petitioner has not shown a right to federal habeas relief under this claim.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir.  1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 31 October 2016.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE